VERMONT SUPREME COURT
FILED IN CLERK'S OFFICE

JUN 0 3 2020

**ENTRY ORDER**

2020 VT 42

USDC - DVT
5:21-mc-57

SUPREME COURT DOCKET NO. 2020-127

JUNE TERM, 2020

| | |
|---|---|
| In re Phyllis McCoy-Jacien <br> (Office of Disciplinary Counsel, Appellant) | } Original Jurisdiction <br> } <br> } Professional Responsibility Board <br> } <br> } <br> } PRB DOCKET NO. 2020-085 |

In the above-entitled cause, the Clerk will enter:

¶ 1. On April 29, 2020, the Court received notice that respondent Phyllis McCoy Jacien, an attorney admitted to practice in Vermont, was disbarred from the practice of law in the State of New York. The New York Supreme Court, Appellate Division, explained that in August 2019, it had issued an order imposing an immediate interim suspension of respondent's license because she failed to comply with two separate disciplinary investigations. Respondent then failed to respond or appear for further investigative and disciplinary proceedings for more than six months thereafter. She did not respond to the petition seeking her disbarment in New York State. As in other cases involving similar facts, the court found it appropriate that respondent be disbarred. See, e.g., In re Fritzsch, 95 N.Y.S.3d 662, 664 (App. Div. 2019) (disbarring respondent who was suspended for failing to cooperate with disciplinary investigation and then "failed to meaningfully comply with [disciplinary] investigations in the six months that followed his suspension").

¶ 2. Our rules provide that thirty days after receiving notice that a Vermont licensed attorney has been disciplined in another jurisdiction, this Court "shall impose the identical discipline unless the Court finds that upon the face of the record from which the discipline is predicated it clearly appears, or disciplinary counsel or the lawyer demonstrates," that such discipline would be unwarranted under the grounds set forth in Administrative Order 9, Rule 20(D)(1) through (4). Accordingly, this Court issued an order providing respondent and disciplinary counsel the opportunity to inform the Court within thirty days of any claim that the imposition of identical discipline by this Court would be unwarranted on such grounds. Absent such a showing, the imposition of discipline for misconduct in another jurisdiction "establish[es] conclusively the misconduct for" the purpose of imposing the identical discipline in this State. A.O. 9, Rule 20(E). Neither respondent nor disciplinary counsel filed a response.

¶ 3. We find nothing in the record to show that the imposition of identical discipline in Vermont would be unwarranted under Administrative Order 9, Rule 20(D)(1)-(4). We note that

in Vermont, as in New York, discipline is appropriate where a lawyer fails to respond to requests for information from disciplinary authorities in connection with disciplinary matters. See V.R.Pr.C. 8.1(b) (stating that lawyer is prohibited, "in connection with a disciplinary matter," from "knowingly fail[ing] to respond to a lawful demand for information from . . . disciplinary authority"); A.O. 9 Rule 7(D) (providing that "[d]iscipline may be imposed for . . . [f]ailure to furnish information to or respond to a request from disciplinary counsel . . . without reasonable grounds for refusing to do so"). Accordingly, pursuant to Administrative Order 9, Rule 20(D), we "impose the identical discipline" as New York State and disbar respondent from the practice of law in Vermont.

Respondent Phyllis McCoy-Jacien is hereby disbarred from the practice of law in Vermont. Respondent shall comply with the requirements of Administrative Order 9, Rule 23.

BY THE COURT:

☒ Publish

☐ Do Not Publish

Paul L. Reiber, Chief Justice

Beth Robinson, Associate Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice